Vergina **PAPAZYAN**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 03–74389.

United States Court of Appeals, Ninth Circuit.

Nov. 6, 2006.

Inna Lipkin, Esq., Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Donald E. Keener, Esq., Francis W. Fraser, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

## ORDER

The panel has decided to amend the memorandum and dissent filed on June 6, 2006. An amended memorandum and dissent is filed concurrently with this order.

With the filing of the amended memorandum and dissent, the panel has voted to deny the petition for rehearing. Judge Thomas has voted to deny the petition for rehearing en banc, and Judge Wallace and Judge Hawkins so recommend.

The full court has been advised of the suggestion for rehearing en banc, and no judge of the court has requested a vote on the suggestion for rehearing en banc. Fed. R.App. P. 35(b).

The petition for rehearing is denied and the suggestion for rehearing en banc is rejected. No further petitions shall be entertained.

## AMENDED MEMORANDUM *

Vergina Papazyan petitions for review of the Board of Immigration Appeal's ("BIA's") decision affirming without opinion the Immigration Judge's ("IJ's") denial of her applications for asylum, withholding of removal and relief under the Convention Against Torture. We grant the petition for review.

Where the BIA affirms the IJ without an opinion, the IJ's opinion becomes the final agency action and we review the IJ's opinion. *Lopez–Alvarado v. Ashcroft,* 381 F.3d 847, 851 (9th Cir.2004). An alien seeking withholding from removal bears the burden of demonstrating that it is "more likely than not" that she will be

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

persecuted on account of one of the five protected grounds of race, religion, nationality, membership in a particular social group or political opinion. 8 U.S.C. § 1231(b)(3). An alien's credible testimony can sustain this burden without corroboration. 8 C.F.R. § 208.16(b). If the applicant demonstrates past persecution, it is presumed that future persecution is more likely than not. 8 C.F.R. § 208.16(b)(1); *Ramadan v. Gonzales*, 427 F.3d 1218, 1222 (9th Cir.2005). This presumption may be rebutted by a finding that there has been "a fundamental change in circumstances such that the applicant's life or freedom would not be threatened on account of any of the five grounds ... upon the applicant's removal to that country," 8 C.F.R. § 208.16(b)(1)(i)(A), or that the applicant could avoid any threat of future persecution by relocating to another part of the country designated for removal, where it is reasonable to expect the applicant to do so. 8 C.F.R. § 208.16(b)(1)(i)(B). Unlike asylum, which is discretionary, withholding of removal is mandatory. *Boer–Sedano v. Gonzales*, 418 F.3d 1082, 1092 (9th Cir. 2005).

The IJ found Papazyan not credible, and therefore that she had not met her burden of demonstrating eligibility for withholding of removal. We review adverse credibility determinations for substantial evidence, and uphold the determination unless the evidence in the record compels a contrary result. *Hoque v. Ashcroft*, 367 F.3d 1190, 1194 (9th Cir.2004). An adverse credibility determination must be supported by "specific, cogent reasons," *Id.* at 1195 (citation omitted), which must be "substantial and bear a legitimate nexus to the finding." *Id.* (citation omitted). Under this standard, the IJ's "conclu[sion] that [Papazyan] ha[d] not met her burden with respect to producing credible testimony that is sufficiently detailed, believable and consistent" cannot be upheld.

The IJ supported the determination with the following reasons: (1) various discrepancies between Petitioner's application for asylum and her testimony, or between different portions of testimony; (2) the vagueness of Petitioner's description of how she traveled to Moscow in 1994; (3) the implausibility of Petitioner's claim that she had her money on her person when her home was burned; (4) her confused testimony regarding the dates of travel to the United States; (5) the possibility that she could have obtained legal status in Armenia; and (6) her demeanor.

■ First, the discrepancy between her asylum application's statement that she was widowed and her testimony that her husband was alive and in Russia results from Papazyan's obtaining assistance in filling out her application in English. *See Garrovillas v. INS*, 156 F.3d 1010, 1013–14 (9th Cir.1998) ("It is quite possible that the attorney who filed the application stretched the facts without informing [petitioner]. Moreover, there was no reason for [petitioner] to disavow the earlier statement other than a desire to correct an error of which he had not been aware.").

■ Second, regarding the vagueness of her travel to Moscow, Papazyan was never asked to provide further details. "While the testimony may have been unclear, 'unclear testimony may not serve as substantial evidence for an adverse credibility finding when an applicant is not given the chance to attempt to clarify his or her testimony.'" *Quan v. Gonzales*, 428 F.3d 883, 886 (9th Cir.2005) (quoting *Guo v. Ashcroft*, 361 F.3d 1194, 1200 (9th Cir. 2004)).

■ Third, the IJ disbelieved Papazyan's testimony that she had her money on her person at the time that her home in Sochi City was burned. The adverse credibility finding of an IJ who "finds a peti-

tioner's testimony implausible based solely on 'conjecture and speculation' that the testimony, though uncontroverted by any evidence that the IJ can point to in the record, is inherently unbelievable," is not entitled to deference. *Jibril v. Gonzales,* 423 F.3d 1129, 1135 (9th Cir.2005) (quoting *Vera–Villegas v. INS,* 330 F.3d 1222, 1231 (9th Cir.2003)).

 Fourth, the IJ relied on Papazyan's difficulty in articulating the timeline of her travels from Sochi City to Moscow to the United States. We have warned against treating confusion over dates as substantial evidence of adverse credibility. *See Singh v. Gonzales,* 403 F.3d 1081, 1090–92 (9th Cir.2005) ("The ability to recall precise dates of events years after they happen is an extremely poor test of how truthful a witness's substantive account is.")

Fifth, the IJ's statement that "respondent was never denied status in Armenia but was simply told to wait her turn and that she grew impatient and left on her own without waiting her turn" is contradicted by the record. Papazyan's asylum application states that even after officials of the Armenian Passport Registration Department told her that "it was useless to wait any longer," Papazyan and her husband continued to wait for status, until they were attacked in their refugee camp.

Finally, the IJ characterized Papazyan's "attitude" as "sometimes impetuous and sometimes a bit belligerent and attempting to put the burden on the questioner to just accept the case and appears to be insulted that her claim is questioned." Although this court "give[s] 'special deference' to a credibility determination that is based on demeanor," evidence of those aspects of demeanor cited by the IJ must be ascertainable from the record. *Jibril,* 423 F.3d at 1137. The IJ's claim that Papazyan was impetuous and belligerent is not supported by the record. Papazyan appears confused and even frustrated at several points

in her hearing, but never does she approach "impetuous" or "belligerent."

None of the bases relied on by the IJ for the adverse credibility finding are supported by the record. To the contrary, a thorough review of the record indicates that Petitioner's testimony and evidence was "so credible that no reasonable factfinder could find that [s]he was not credible." *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003) (quotation omitted).

Having found Papazyan's testimony true, we remand to the BIA to determine in the first instance whether the facts alleged, taken as true, are sufficient to constitute past persecution under 8 U.S.C. § 1101(a)(42)(A). *Gonzales v. Thomas,* —— U.S. ——, 126 S.Ct. 1613, 1615, 164 L.Ed.2d 358 (2006). Because the government did not argue changed country conditions, or present any evidence thereof, the remand is confined to the determination of past persecution. *Baballah v. Ashcroft,* 367 F.3d 1067, 1078 n. 11 (9th Cir.2004).

**PETITION GRANTED.**