[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 13, 2007
THOMAS K. KAHN
CLERK

No. 06-13735
Non-Argument Calendar

_____

BIA No. A78-908-088

XIAO FENG LIU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(March 13, 2007)**

Before ANDERSON, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Xiao Feng Liu, a citizen of China, seeks the review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order finding him removable and denying his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment ("CAT"), INA § 241(b)(3), 8 U.S.C. §§ 1158, 1231(b)(3); 8 C.F.R. § 208.16(c).

On appeal Liu argues that the IJ did not make an explicit adverse credibility finding, and asserts that the IJ merely noticed three inconsistencies that were not supported by substantial evidence. Liu also argues that even if the IJ found him incredible, the IJ still had to consider all the evidence he introduced regarding his wife's forced abortion and the family planning practices in China.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Because the BIA adopted the IJ's decision, without opinion, we review the IJ's decisions as if it were the BIA's. See id.

The IJ's factual determinations are reviewed under the substantial evidence test, and we should "affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U. S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (internal quotations and

2

citations omitted).  "[A] denial of asylum may be reversed <u>only</u> if the evidence presented by the applicant is so powerful that a reasonable factfinder would <u>have</u> to conclude that the requisite fear of persecution exists.  <u>Mazariegos v. U.S. Att'y Gen.</u>, 241 F.3d 1320, 1323-24 (11th Cir. 2001) (emphasis in original) (citing <u>I.N.S. v. Elias-Zacarias</u>, 502 U.S. 478, 481 & n.1, 112 S.Ct. 812, 815 & n.1, 117 L.Ed.2d 38 (1992)).  The fact that evidence in the record may also support a conclusion contrary to the administrative findings is not enough to justify a reversal.  <u>Silva v. U.S. Att'y Gen.</u>, 448 F.3d 1229, 1236 (11th Cir. 2006).  Under "the ordinary remand rule," Circuit courts may not make factual findings in the first instance.  <u>Gonzales v. Thomas</u>, __ U.S. __, 126 S.Ct. 1613, 1615, 164 L.Ed.2d 358 (2006).

"Credibility determinations likewise are reviewed under the substantial evidence test."  <u>D-Muhumed v. U. S. Attorney Gen.</u>, 388 F.3d 814, 818 (11th Cir. 2004).  "A credibility determination, like any fact finding, may not be overturned unless the record compels it."  <u>Forgue</u>, 401 F.3d at 1287 (internal quotations and citations omitted).  Adverse credibility determinations must be made explicitly.  <u>See Yang v. U.S. Attorney Gen.</u>, 418 F.3d 1198, 1201 (11th Cir. 2005).  The IJ must make "clean determinations of credibility," and when the IJ does not say that he "believes" or "disbelieves" the asylum seeker, "the reviewing Court is left in the dark."  <u>Yang</u>, 418 F.3d at 1201.  If the IJ did not make an adverse credibility

finding, we can assume any credibility determination was not dispositive and address the petitioner's eligibility for asylum. Id.

Regardless of whether or not the IJ made an adverse credibility determination, he still had a duty to consider all the evidence Liu submitted. After stating three instances where Liu's testimony created doubt as to the veracity of his claims, the IJ immediately concluded that Liu failed to meet his burden of showing past persecution or a well-founded fear of future persecution. However, Liu submitted approximately 64 pages of documents along with his asylum application. Included in these documents was an abortion certificate issued to Liu's wife for an abortion that occurred on July 18, 2002. Liu also submitted a receipt for the fine Liu testified to that was levied against him and his wife for having an illegitimate child. Liu also submitted the 2004 country report, which noted that China's first formal law on family planning went into effect in 2002 and that Fujian province, where Liu resided, was one of the few remaining provinces that still required birth permits, which were used to enforce targets and quotas.

There is no record in the IJ's decision that he considered any of the documents Liu submitted to support his asylum claim. The BIA affirmed the IJ's decision, without opinion, and did not address the corroborating evidence Liu submitted to the court in its decision. Accordingly we vacate and remand for the BIA to consider Liu's corroborating evidence in the first instance. As such, the

4

additional arguments in petitioner's and respondent's briefs will not be addressed here.

**VACATED AND REMANDED.**