**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 06-1524**

───────────

ROSMERY JULIA VEGA-ARGENDONA,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

───────────

On Petition for Review of an Order of the Board of Immigration
Appeals. (A75-774-663)

───────────

Submitted: February 14, 2007        Decided: March 26, 2007

───────────

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

───────────

Petition denied in part; granted in part and remanded by
unpublished per curiam opinion.

───────────

Kim-Bun Thomas Li, LI, LATSEY & GUITERMAN, PLLC, Washington, D.C.,
for Petitioner. Peter D. Keisler, Assistant Attorney General,
James A. Hunolt, Senior Ligation Counsel, Lindsay L. Chichester,
OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rosmery Julia Vega-Argendona, a native and citizen of Bolivia, petitions for review of an order of the Board of Immigration Appeals (Board) adopting and affirming the Immigration Judge's (IJ) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT), and the IJ's finding of ineligibility for adjustment of status. We have reviewed Vega-Argendona's challenge to the finding that she failed to qualify for asylum, withholding of removal, and protection under CAT, and conclude that she fails to demonstrate that the evidence compels a contrary result. See INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We therefore deny the petition for review in part with respect to these claims.

Vega-Argendona next disputes, *inter alia*, the finding that she is removable under 8 U.S.C. § 1182(a)(6)(C)(ii)(I) (2000), and is thus ineligible for a waiver of inadmissibility that would be necessary for her to qualify for adjustment of status. She contends that the agency overlooked legal and factual issues related to her claim, in that it did not make a finding as to the date or dates on which she made the alleged false representation, a date which is directly relevant to whether the ground of removability is in fact applicable to her.

As our review discloses that this claim has not in fact been addressed below, we grant the petition for review in part and

- 2 -

remand this issue and other issues related to that ground of removability to the Board.  See Gonzales v. Thomas, 126 S. Ct. 1613, 1615 (2006); INS v. Ventura, 537 U.S. 12, 16 (2002).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED IN PART;
GRANTED IN PART AND REMANDED