[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 11, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14526
Non-Argument Calendar

_____

BIA No. A98-320-920

ANTONIO VELASQUEZ GAMAS,

Petitioner,

versus

U. S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(July 11, 2007)**

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Antonio Velasquez Gamas, a citizen of Guatemala, appearing pro se, seeks review of the Board of Immigration Appeal's ("BIA") decision affirming the Immigration Judge's ("IJ") order finding him removable and denying his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment ("CAT"), INA § 241(b)(3), 8 U.S.C. §§ 1158, 1231(b)(3); 8 C.F.R. § 208.16(c).

On appeal, Gamas asserts that the IJ failed to consider all of the evidence he presented, and specifically did not consider pictures proving his house had been burned down. Gamas argues that he must only show a threat or series of threats to establish persecution, which can be accomplished through credible testimony and, relying on Ninth and Seventh Circuit cases, he argues that he is not required to suffer permanent or serious injuries in order to establish that he was persecuted. Gamas also argues that a political opinion should be attributed to him based upon his employment by the mayor, and that he provided circumstantial evidence of his political opinion. Also, Gamas asserts that the IJ erred by not making a specific finding as to his past persecution. Finally, Gamas argues that the IJ erred by basing his denial of Gamas's asylum application on the fact that his family has not been harmed and that Gamas did not move to another part of Guatemala with them.

When the BIA issues a decision, we review only that decision, except to the

2

extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Because the BIA agreed with the IJ's findings as to Gamas's eligibility for asylum, withholding of removal, and relief under CAT and made additional observations, we review both decisions. See id.

The IJ's factual determinations are reviewed under the substantial evidence test, and we will "affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U. S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (internal quotations and citations omitted). "[A] denial of asylum may be reversed only if the evidence presented by the applicant is so powerful that a reasonable factfinder would have to conclude that the requisite fear of persecution exists." Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320, 1323-24 (11th Cir. 2001) (emphasis in original) (citing I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 & n.1, 112 S.Ct. 812, 815 & n.1, 117 L.Ed.2d 38 (1992)). The fact that evidence in the record may also support a conclusion contrary to the administrative findings is not enough to justify a reversal. Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006). Under "the ordinary remand rule," circuit courts may not make factual findings in the first instance. Gonzales v. Thomas, 547 U.S. 183, 126 S.Ct. 1613, 1615, 164 L.Ed.2d 358 (2006).

In Tan v. U.S. Attorney General, 446 F.3d 1369, 1374 (11th Cir. 2006), which concerned a situation where no adverse credibility finding was made, we

3

concluded that an IJ "must . . . consider all evidence introduced by the applicant." Id. (quoting Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005), and citing 8 C.F.R. § 1240.1(c) ("The immigration judge shall receive and consider material and relevant evidence")). However, "the Immigration Judge is not required to discuss every piece of evidence presented before him." Tan, 446 F.3d at 1376.

To establish asylum eligibility, the alien must, with specific and credible evidence, demonstrate (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); see Al Najjar, 257 F.3d at 1287. "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of [a statutory factor]." Al Najjar, 257 F.3d at 1287 (internal quotations and citation omitted) (emphasis in original). However, the alien does not need to prove that he or she would be "singled out" for persecution if (1) there is a "pattern or practice of persecution" against similarly situated individuals and (2) his inclusion within that group of individuals makes his fear of persecution reasonable. See 8 C.F.R. 208.13(b)(2)(iii).

We recognize that "'persecution' is an 'extreme concept,' requiring 'more than a few isolated incidents of verbal harassment or intimidation,' and that

4

'[m]ere harassment does not amount to persecution.'" Sepulveda v. U.S. Att'y. Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (citation omitted). In Sepulveda, we held that menacing telephone calls and threats to the alien, her family members, and colleagues did not rise to the level of past persecution. Id.

If the alien establishes past persecution, it is presumed that his life or freedom would be threatened upon a return to that country unless the government shows by a preponderance that the country's conditions have changed such that the applicant's life or freedom would no longer be threatened upon his removal or that the alien could relocate within the country and it would be reasonable to expect him to do so. 8 C.F.R. § 208.13(b). An alien who has not shown past persecution may still be entitled to asylum if he can demonstrate a future threat in his country to his life or freedom on a protected ground. 8 C.F.R. § 208.13(b)(2). To establish a well-founded fear, "an applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289. However, if the IJ finds that the alien could avoid a future threat by relocating to another part of his country and it would be reasonable to require the alien to do so, he cannot demonstrate a well-founded fear of persecution. See 8 C.F.R. § 208.13(b)(1)-(2). Similarly, if an applicant's family continues to reside in the area in which the applicant claims that he will be persecuted upon return, relocation is possible. Ruiz v. U. S. Att'y Gen., 440 F.3d 1247, 1259 (11th

5

Cir.2006).

To qualify for withholding of removal under the INA, an alien must show that his or her life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). The evidentiary burden for withholding of removal is greater than that imposed for asylum; accordingly, if an alien has not met the well-founded fear standard for asylum, he generally cannot meet the standard for withholding of removal. Al Najjar, 257 F.3d at 1292-93.

To qualify for CAT relief, the applicant must establish that it is "more likely than not" that he would be tortured if removed to the proposed country of removal. 8 C.F.R. § 208.16(c)(2). Like withholding of removal, the evidentiary burden for CAT relief is greater than that imposed for asylum, and if an alien has not met the well-founded fear standard for asylum, he generally cannot meet the standard for CAT relief. Al Najjar, 257 F.3d at 1303.

The IJ properly considered all the evidence. In his decision, the IJ stated that he had considered "all the evidence of record." The IJ is required to consider all the evidence, but he is not required to refer to every piece of evidence. Tan, 446 F.3d at 1376. In his brief, Gamas claims that he has photos to prove his house was burnt down, however, he never requested that the IJ admit those photos into evidence. Moreover, we cannot find facts in the first instance. Thomas, 547 U.S.

6

at 183, 126 S.Ct. at 1615. Based upon the record, the IJ properly considered all the evidence.

Substantial evidence supports the IJ's finding that Gamas did not suffer past persecution. Contrary to Gamas's argument, the IJ made a clear finding that Gamas did not suffer past persecution. Gamas relies on the Ninth Circuit case of Thomas v. Ashcroft for the proposition that an escalating scheme of threats can constitute persecution. 359 F.3d 1169, 1179 (9th Cir. 2004), vacated on other grounds by Gonzales v. Thomas, 547 U.S. 183, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006). Cases from other circuits are not binding on us and are merely persuasive. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981). Even so, Thomas is distinguishable because the "escalating scheme" there included the petitioners' pet being killed, their car and house being vandalized, one petitioner receiving a death threat in front of her child, and petitioners' child being the target of a kidnaping. Thomas, 359 F.3d at 1179. Gamas also relies on the Seventh Circuit case of Begzatowski v. I.N.S., 278 F.3d 665, 670 (7th Cir. 2002), for the proposition that a petitioner need not suffer permanent injuries to establish persecution. However, a petitioner must suffer more than a few incidents of verbal threats. See Sepulveda, 401 F.3d at 1231. Here, Gamas only testified about threats to his family and an attempt at burning down his house. Without more detail about the attempt to burn down Gamas's house, we conclude that substantial evidence

7

supports the IJ's finding that Gamas failed to demonstrate past persecution.

Substantial evidence supports the IJ's finding that Gamas could relocate within Guatemala. Although Gamas testified that he could not safely relocate to Mixco, he admitted he had not tried to avoid persecution by relocating within Guatemala. Additionally, Gamas's mother, brother, and sister had relocated to Mixco and had been living there without incident. See Ruiz, 440 F.3d at 1259.

While Gamas and the government argue over whether or not Gamas's claims of past persecution were related to his political opinion, the answer does not affect the outcome of Gamas's petition. Assuming arguendo that Gamas suffered past persecution on account of his political opinion, he still would not be able to overcome the IJ's finding that he could relocate within Guatemala, which prevents Gamas from establishing a well-founded fear of future persecution. See 8 C.F.R. § 208.13(b)(1)-(2). Therefore, we need not address the arguments regarding Gamas's political opinion.

In conclusion, substantial evidence supports the IJ's and BIA's conclusion that Gamas failed to carry his burden of establishing past persecution or a well-founded fear of future persecution, which precluded him from being granted asylum. Therefore, the IJ's and BIA's conclusion that Gamas could not satisfy the greater burdens applicable to withholding of removal and CAT relief is also supported by substantial evidence. Accordingly, Gamas's petition is denied.

8

**PETITION DENIED.**