**Rehan YOUNAS, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–1188–ag.**

United States Court of Appeals, Second Circuit.

Jan. 29, 2008.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-

mer Attorney General Alberto R. Gonzales as

Hector M. Roman, Roman & Singh, LLP, Jackson Heights, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Lisa M. Arnold, Senior Litigation Counsel, Janice K. Redfern, Attorney, Office of Immigration Liti-

the respondent in this case.

gation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Rehan Younas, a native and citizen of Pakistan, seeks review of a February 28, 2007 order of the BIA affirming the July 26, 2005 decision of Immigration Judge ("IJ") Helen Sichel denying Younas' applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Younas,* No. A 95 961 782 (B.I.A. Feb. 28, 2007), *aff'g* No. A 95 961 782 (Immig. Ct. N.Y. City July 26, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

As an initial matter, Younas never sought asylum before the agency and never alleged that any of the exceptions applied allowing an untimely asylum application. Thus, as a statutory matter, we are without jurisdiction to consider Younas' asylum claim because he failed to exhaust his administrative remedies. *See* 8 U.S.C. § 1252(d)(1).

When the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Ro-*

*sales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

■ Substantial evidence supports the BIA's determination that Younas failed to establish a nexus between his alleged mistreatment by police and the imputed political opinion of his father where no evidence indicates that the police imputed any political opinion to Younas. *See* 8 U.S.C. § 1252(b)(4)(B). The BIA accurately noted that Younas testified that the police beat him only because he refused to disclose his father's whereabouts and that they did not accuse him of being politically active. *See Chun Gao v. Gonzales,* 424 F.3d 122, 129–30 (2d Cir.2005).

■ Remand is required, however, for the agency to address Younas' alternate claim for relief based on his membership in a particular social group as a family member of "an active member of a political party opposed to military rule" in Pakistan. Although Younas asserted eligibility for relief on that basis before the agency, the BIA failed to address whether Younas was a member of a "particular social group" under 8 C.F.R. § 1208.16(b)(1)(i) and whether he has been or will more likely than not be persecuted on that basis. This Court cannot address that basis for relief as an initial matter and must remand for an agency determination. *See Gonzales v. Thomas,* 547 U.S. 183, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006) (remanding to allow the agency to address whether a petitioner's "family presents the kind of 'kinship ties' that constitute a 'particular social group' " where the agency failed to address that basis for relief); *Ucelo–Gomez v. Gonzales,* 464 F.3d 163, 170 (2d Cir.2006) (remanding under *Thomas* for the BIA to determine whether affluent Guatemalans constitute a particular social group).

We bring to the agency's attention on remand that both the IJ and BIA noted

that Younas' father has not been arrested since Younas' departure from Pakistan and that that fact undermined the reasonableness of his claim of fear of persecution. Neither the IJ nor the BIA, however, addressed Younas' explanation that his father had not been arrested because he remains in hiding and moves frequently.

Because Younas' CAT claim is based on the same factual predicate as his withholding of removal claim, his CAT claim should be remanded as well to allow the agency to evaluate the likelihood of Younas being tortured because he is the son of a politically active member of a party opposed to military rule. *Cf. Paul v. Gonzales,* 444 F.3d 148, 155–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED in part, GRANTED in part, and REMANDED for further proceedings consistent with this order. The pending motion for a stay of removal in this petition is DISMISSED as moot. The pending motion for a remand to adjust status is denied without prejudice to petitioner submitting the motion to the IJ or BIA, as may be appropriate.