Jorgo MAZE, Adelina Maze, Vangjelica Maze, Stefano Maze, Petitioners,

v.

Michael MUKASEY, Attorney General of the United States, Respondent.

No. 07–3295–ag.

United States Court of Appeals, Second Circuit.

July 16, 2008.

Andrew P. Johnson, New York, NY, for Petitioners.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Ernesto H. Molina, Jr., Senior Litigation Counsel, Colette J. Winston, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Jorgo Maze, Adelina Maze, Vangjelica Maze, and Stefano Maze, natives and citizens of Albania, seek review of a July 9, 2007, order of the BIA affirming the February 6, 2006, decision of Immigration Judge ("IJ") Sandy K. Hom denying their applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Maze,* Nos. A99 082 538/539/540/541 (B.I.A. July 9, 2007), *aff'g* Nos. A99 082 538/539/540/541 (Immig. Ct. N.Y. City Feb. 6, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts and supplements the IJ's decision, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

### I. Asylum and Withholding of Removal

■ We conclude that the BIA's determination that Maze failed to establish the existence of a particular social group under the INA was based on flawed reasoning. In *Matter of Acosta,* the BIA explained that membership in a particular social group may be defined by a "common, immutable characteristic," which can be "an innate one such as sex, color, or kinship ties, or in some circumstances it might be a shared past experience such as former military leadership or land ownership." 19

I. & N. Dec. 211, 233 (B.I.A.1985), *overruled in part on other grounds by Matter of Mogharrabi,* 19 I. & N. Dec. 439 (B.I.A. 1987). The BIA has further explained that in order to constitute a particular social group, a proposed group must (1) exhibit a shared characteristic that is socially visible to others in the community, and (2) be defined with sufficient particularity. *See In re A–M–E & J–G–U–,* 24 I. & N. Dec. 69, 74–76 (B.I.A.2007), *aff'd sub nom. Ucelo–Gomez v. Mukasey,* 509 F.3d 70, 73 (2d Cir.2007) (per curiam). Maze argues that in determining that he failed to establish his membership in a particular social group, namely, Albanians who attempt to reclaim ownership of land that had been unjustly taken by the government, the BIA did not apply the standard it set forth in *Matter of Acosta,* which explicitly provided land ownership as an example of a group defined by an immutable trait, i.e., shared past experience. We agree.

The BIA's finding that Maze failed to establish a particular social group under the INA was not supported by any reasoning. In reaching its conclusion, the BIA neither evaluated Maze's particular social group claim under the test it set forth in *In re A–M–E & J–G–U–,* 24 I. & N. Dec. at 73–74, nor offered any analysis of Maze's particular social group. Rather, the BIA stated only that

> [t]his Board has recognized the following as "particular social groups" subject to persecution: Filipinos of Chinese ancestry, young women of the Tchamba Kunsuntu ethnic tribe who have not undergone forced genital mutilation and who oppose the practice, the Marehan subclan of the Darood clan in Somalia, gay men and lesbians in Cuba, and former members of the national police of El Salvador. The respondents are not members of a "particular social group" for purposes of asylum.

*In re Maze,* Nos. A99 082 538/539/540/541, at *1–2 (B.I.A. July 9, 2007) (citations omitted). This discussion does not suffice. *See Beskovic v. Gonzales,* 467 F.3d 223, 227 (2d Cir.2006) (requiring a certain minimal level of analysis from agency decisions denying asylum to enable meaningful judicial review). Accordingly, we remand to the BIA so that it may provide a meaningful analysis of Maze's social group claim. *See Gonzales v. Thomas,* 547 U.S. 183, 186, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006) (per curiam); *Ucelo–Gomez v. Gonzales,* 464 F.3d 163, 170 (2d Cir.2006) (per curiam) (requiring the agency to make a particular social group determination with "sufficient clarity.").

In remanding this case, we recognize that judicial review of administrative decisions is not to become "a ping-pong game." *NLRB v. Wyman–Gordon Co.,* 394 U.S. 759, 766 n. 6, 89 S.Ct. 1426, 22 L.Ed.2d 709 (1969). Thus, we will decline to remand where doing so "would be an idle and useless formality." *Id.; see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 (2d Cir.2006). However, we cannot conclude that remand would be futile here. To the extent that Maze's claims for relief were based on his Democratic Party activity, the IJ properly observed that "there has been a substantial change in the political environment of Albania with the resurrection of the Democratic Party in the recent 2005 elections," negating Maze's claim of a well-founded fear of persecution. *In re Maze,* Nos. A99 082 538/539/540/541, at *12 (Immig. Ct. N.Y. City Feb. 6, 2006); *see Hoxhallari v. Gonzales,* 468 F.3d 179, 187 (2d Cir.2006) (per curiam). However, the crux of Maze's application for relief was not his activity in the Democratic Party, but rather his efforts to seek restoration of his family's land. Thus, it is unclear whether the change in Albania's political landscape is dispositive of Maze's claim, as it is in cases

where the only claim for relief is based on involvement (actual or imputed) in the Democratic Party.

We express no opinion as to whether the group Maze proposes is a "particular social group" within the meaning of the Immigration and Nationality Act. 8 U.S.C. § 1101(a)(42). Nor do we suggest that, assuming it is, the changes in Albania would not negate any claim on that basis. Rather, we remand so that the BIA may meaningfully analyze these issues where we cannot find that it has done so. *See Thomas,* 547 U.S. at 186, 126 S.Ct. 1613.

## II. CAT

■ This Court does not have jurisdiction to consider Maze's CAT claim because he failed to exhaust it before the BIA. In his brief to the BIA, Maze baldly asserted that he qualified for relief under CAT but failed to provide any arguments as to how he qualified for such relief. Thus, to the extent Maze raises CAT relief before this Court, we dismiss the petition for review. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006).

For the foregoing reasons, the petition for review is GRANTED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).