MEMORANDUM **
Petitioner Xiao Lin petitions for review from denial of her claims for asylum, withholding of removal, and protection under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman or Degrading Treatment or Punishment (“CAT”).
1. We review an adverse credibility finding for substantial evidence. Rivera v. Mukasey, 508 F.3d 1271, 1274 (9th Cir.2007). The Board of Immigration Appeals (“BIA”) permissibly reasoned that Petitioner’s voluntarily approaching and hiring “snake heads” to smuggle her into the United States contradicted her claim that she fled China because she feared that she would be killed by the “snake heads.” “A single supported ground for an adverse credibility finding is sufficient if it relates to the basis for [the petitioner’s] alleged fear of persecution and goes to the heart of the claim.” Singh v. Gonzales, 439 F.3d 1100, 1108 (9th Cir.2006) (internal quotation marks omitted).
2. Even if Petitioner were credible, the BIA permissibly held that she failed to demonstrate a nexus to a statutorily protected ground, because she did not suffer harm on account of membership in a “particular social group” within the meaning of 8 U.S.C. § 1101(a)(42)(A). Petitioner claims persecution on account of her husband’s testimony against smugglers. We have held recently that government informants or witnesses do not constitute a particular social group. Soriano v. Holder, 569 F.3d 1162 (9th Cir.2009), filed this date.
*397 3. Similarly, the BIA permissibly found that in this case Petitioner’s family is not a particular social group. See Gonzales v. Thomas, 547 U.S. 183, 186, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006) (per curiam) (holding that the agency considers whether a petitioner’s family presents the kind of “kinship ties” that constitute a particular social group). There is no evidence that any other family members, including Petitioner’s parents-in-law, have been subject to any threats or persecution, either because of being the parents of Petitioner’s husband or for any other reason.
4. Denial of CAT relief is reviewed for substantial evidence. Bellout v. Ashcroft, 363 F.3d 975, 979 (9th Cir.2004). The record does not compel a finding that Petitioner faces a likelihood of torture, either by the government or with its acquiescence, if she returns to China.
Petition DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.