NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 24, 2011
Decided November 4, 2011

**Before**

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

JON E. DeGUILIO, *District Judge*[*]

No. 11-2067

| | |
|---|---|
| EDILBERTO VILLATORO-LOPEZ, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals |
| *v.* | No. A098-724-178 |
| ERIC H. HOLDER, JR., Attorney General of the United States, | |
| *Respondent*. | |

**O R D E R**

Edilberto Villatoro-Lopez is a native and citizen of Guatemala who entered the United States in 1997. He was issued a Notice to Appear, charging him with removability as an alien present in the United States without being admitted or paroled. Villatoro-Lopez admitted the allegations in the Notice, conceded removability as charged, and filed an application for withholding of removal. An Immigration Judge ("IJ") found him removable and determined that he had not established past persecution or that it is more likely than not that he would face future persecution if forced to return to Guatemala. The IJ therefore denied Villatoro-Lopez's application for withholding of removal and ordered him removed.

---

[*] The Honorable Jon DeGuilio, Judge of the United States District Court for the Northern District of Indiana, sitting by designation.

Villatoro-Lopez appealed to the Board of Immigration Appeals ("BIA"), raising several issues. He claimed that the IJ's conduct denied him a full and fair hearing, that the IJ erred in holding that he had not established past persecution, and that the hearing transcript was incomplete and inadequate for the BIA's review. Relatedly, Villatoro-Lopez argued that the IJ failed to swear in the interpreter at his final hearing, which he claimed violated 8 C.F.R. § 1240.5 and supported his argument that the hearing was invalid. The BIA dismissed the appeal and Villatoro-Lopez petitioned for review. Because the BIA's decision does not assure us that the BIA addressed the argument that the interpreter was not sworn, we remand the case for further consideration and do not address the other arguments raised in the petition.

Our review of the agency's decision is deferential, but a remand is appropriate when the BIA overlooks a key argument on appeal. *Kone v. Holder*, 620 F.3d 760, 763 (7th Cir. 2010).

Villatoro-Lopez argues that the BIA never addressed the interpreter issue in its decision and this court should remand to allow that consideration. The government argues that the BIA addressed the argument that the IJ failed to swear in the interpreter, pointing to the language in the decision that states that Villatoro-Lopez "failed to show how he was prejudiced by alleged deficiencies of the translator." Villatoro-Lopez replies that he did not argue to the BIA that the interpreter was deficient, but rather that the agency's failure to follow its regulation and swear in the interpreter supported his argument that the hearing was invalid. The regulation at issue provides: "Any person acting as an interpreter in a hearing before an immigration judge under this part shall be sworn to interpret and translate accurately, unless the interpreter is an employee of the United States Government, in which event no such oath shall be required." 8 C.F.R. § 1240.5.

Under basic principles of administrative law, when the BIA has not yet considered an issue, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *I.N.S. v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam) (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)); *see also Gonzales v. Thomas*, 547 U.S. 183, 186 (2006) (same); *Solis-Chavez v. Holder*, Nos. 10-1354 & 11-1243, 2011 WL 5041916, at *8 (7th Cir. Oct. 25, 2011) ("The issue is not properly before us here . . . because the BIA overlooked it. Accordingly, the proper course is to remand the case to the BIA, [and] allow it to address [petitioner]'s argument[.]").

In its decision, the BIA noted that Villatoro-Lopez raised a number of issues on appeal and addressed his contention that the transcript was "error-ridden and inadequate for review." The BIA disagreed and wrote that "due process is satisfied where, as here, the transcript of the testimony as a whole was understandable and coherent such that the respondent was able to convey his story and he failed to show how he was prejudiced by alleged deficiencies of the translator." It then addressed the argument that the IJ pre-judged Villatoro-Lopez's hearing testimony, took over questioning, and denied Villatoro-Lopez a fair hearing, concluding that he was not denied a fair hearing. The BIA never mentioned the failure to swear in the interpreter.

The BIA made reference to the argument about the deficiencies in the transcript and said that Villatoro-Lopez failed to show that he was prejudiced by alleged "deficiencies of the translator," but we are not persuaded that we can read that as incorporating a determination about the failure to swear in the interpreter. The government submits that Villatoro-Lopez only made one argument about the translator. But that argument had two distinct parts: the gaps in the transcript and the failure to swear the interpreter. The government asserts that the reference in the BIA decision to the translator is a reference to the failure to swear argument. This is far from clear. The government also submits that the problems with the transcript were not the translator's problem. We are not so sure. The transcript deficiencies principally involve Villatoro-Lopez's testimony. The transcript reflects that it was the transcription of the words spoken by the interpreter (identified phonetically as "Jean Little" in the transcript), that is, Little's interpretation of Villatoro-Lopez's Spanish testimony. There is no suggestion the transcriber of the audio tape of the hearing before the IJ could understand the Spanish spoken by Villatoro-Lopez well enough that he or she didn't have to rely on the interpreter. Thus, the "indiscernibles" in the transcript most likely reflect that the interpreter did not speak clearly or audibly enough while interpreting what Villatoro-Lopez had said. The BIA's conclusion that Villatoro-Lopez failed to show he was prejudiced by the "alleged deficiencies of the translator" could easily refer to deficiencies in speaking clearly and audibly so as to be later understood, or it could refer to the approximately forty "indiscernibles" in the transcription, or perhaps both. Unfortunately, the BIA decision leaves us in the dark on this point. If the transcript is accurate in reporting that the interpreter was incoherent at so many points during the hearing, that could be considered in the context of whether the failure to swear the interpreter prejudiced Villatoro-Lopez.

We find the reference to the "deficiencies of the translator" insufficient indication that the agency actually considered and decided the issue regarding the failure to swear in the interpreter. The BIA's decision does not address whether the failure to swear in the interpreter violated the regulation or whether such failure supports the assertion that the hearing was invalid. And the considerations that support the ordinary remand rule are present here: "The agency can bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and, in doing so, it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides." *Ventura*, 537 U.S. at 17. We find no special circumstance that would justify our consideration of the issue in the first instance.

Accordingly, we **GRANT** the petition, **VACATE** the BIA's order, and **REMAND** for further proceedings consistent with this order.