# SUPREME COURT OF THE UNITED STATES

## ALBERTO R. GONZALES, ATTORNEY GENERAL *v.* MICHELLE THOMAS ET AL.

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 05–552.   Decided April 17, 2006

PER CURIAM.

The Immigration and Nationality Act authorizes the Attorney General to grant an alien asylum if the alien cannot return to another country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, *membership in a particular social group,* or political opinion." §101(a)(42)(A), as added, §201, 94 Stat. 102, 8 U. S. C. §1101(a)(42)(A) (emphasis added). The respondents, Michelle Thomas and her immediate family, applied for asylum. They checked boxes on the application form that indicated their claim rested upon fear of persecution in their native South Africa because of (1) their "political opinion[s]," and (2) their "membership in a particular social group." In proceedings before the Immigration Judge, they emphasized their fear of persecution because of their race (they are white) and their kinship with Michelle's father-in-law, "Boss Ronnie," a white South African who allegedly held racist views and mistreated black workers at the company at which he was a foreman. The Immigration Judge, focusing upon questions of race and political views, rejected their claim. And the Board of Immigration Appeals (BIA), responding to the Thomases' primarily race-related arguments, summarily affirmed that decision.

On review, a Ninth Circuit panel held by a 2-to-1 vote that the Board had not adequately considered the Thomases' claim of persecution because of "membership in a particular social group, as relatives of Boss Ronnie."

*Thomas* v. *Ashcroft*, 359 F. 3d 1169, 1177 (2004). The Ninth Circuit took the matter en banc. The en banc court, overruling what it considered aberrant contrary Circuit precedent, unanimously held that in principle "a family *may* constitute a social group for the purposes of the refugee statutes." 409 F. 3d 1177, 1187 (2005) (en banc) (emphasis added) (overruling, *inter alia*, *Estrada-Posadas* v. *INS*, 924 F. 2d 916 (CA9 1991)). In so doing, the court relied on earlier BIA opinions holding that certain "kinship ties" fall within the statutory term. See *id.*, at 1180, 1184-1186.

The court then went on to hold, over the dissent of four judges, that the particular family at issue, namely "'persons related to Boss Ronnie,'" fell within the scope of the statutory term "particular social group" and that the "Thomases were attacked and threatened because they belonged to the particular social group of 'persons related to Boss Ronnie' . . . ." 409 F. 3d, at 1189. The dissenting judges argued that the question "whether the Thomases *are* a 'particular social group'" should first be considered by the relevant administrative agency. *Id.*, at 1193 (opinion of Rymer, J.) (emphasis in original). And they said that the majority's contrary decision was inconsistent with this Court's holding in *INS* v. *Orlando Ventura,* 537 U. S. 12, 18 (2002) *(per curiam).*

The Solicitor General now asks us to grant certiorari to consider whether the Ninth Circuit "erred in holding, in the first instance and without prior resolution of the questions by the" relevant administrative agency, "that members of a family can and do constitute a 'particular social group' within the meaning of" the Act. Pet. for Cert. I. He argues that a court's role in an immigration case is typically one of "'review, not of first view.'" *Id.*, at 29 (quoting *Cutter* v. *Wilkinson,* 544 U. S. 709, 718, n. 7 (2005)). He adds that the decision clearly violates what this Court described in *Ventura* as the "ordinary 'remand' rule." Pet.

for Cert. 15 (quoting *Ventura*, *supra*, at 18). And he con-
cludes that "the Ninth Circuit's error is so obvious in light
of *Ventura* that summary reversal would be appropriate."
Pet. for Cert. 29.

We agree with the Solicitor General. The Ninth Cir-
cuit's failure to remand is legally erroneous, and that error
is "obvious in light of *Ventura,*" itself a summary reversal.

The alien in *Ventura* sought asylum on grounds of a
reasonable fear of "persecution" in Guatemala "'on ac-
count of . . . [a] political opinion.'" 537 U. S., at 13. The
BIA held that the alien did not qualify for asylum be-
cause whatever persecution he faced when he left Gua-
temala in 1993 was not on account of a "'political opin-
ion.'" *Ibid.* The Ninth Circuit reversed, holding that the
record showed that in 1993 the alien did indeed face
politically based persecution in Guatemala. The Circuit
then went on to consider the Government's alternative
argument—that, in any event, conditions within Guate-
mala had improved to the point that political persecution
was no longer likely. *Ibid.* And the Circuit rejected this
"'changed circumstances'" claim without first giving the
agency an opportunity to consider the matter. *Id.*, at 14.

We reversed the Ninth Circuit summarily. We pointed
out that "[w]ithin broad limits the law entrusts the agency
to make the basic asylum eligibility decision." *Id.*, at 16.
"In such circumstances," we added, a "'judicial judgment
cannot be made to do service for an administrative judg-
ment.'" *Ibid.* (quoting *SEC* v. *Chenery Corp.,* 318 U. S. 80,
88 (1943)). "A court of appeals 'is not generally empowered
to conduct a *de novo* inquiry into the matter being re-
viewed and to reach its own conclusions based on such an
inquiry.'" *Ventura*, *supra*, at 16 (quoting *Florida Power &
Light Co.* v. *Lorion,* 470 U. S. 729, 744 (1985)). "Rather,
'the proper course, except in rare circumstances, is to
remand to the agency for additional investigation or ex-
planation.'" *Ventura*, *supra*, at 16 (quoting *Florida Power*

*& Light Co.*, *supra*, at 744; citing *SEC* v. *Chenery Corp.*, 332 U. S 194, 196 (1947)).  Applying these "basic legal principles," we concluded that "every consideration that classically supports the law's ordinary remand require-ment does so here." *Ventura,* 537 U. S.,  at 16, 17.

We must reach the same conclusion in the present case. The agency has not yet considered whether Boss Ronnie's family presents the kind of "kinship ties" that constitute a "particular social group."  The matter requires determin-ing the facts and deciding whether the facts as found fall within a statutory term.  And as we said in *Ventura:*

> "The agency can bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and, in doing so, it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides." *Id.*, at 17.

We can find no special circumstance here that might have justified the Ninth Circuit's determination of the matter in the first instance.  Thus, as in *Ventura,* the Court of Appeals should have applied the "ordinary 're-mand' rule." *Id.*, at 18.

We grant the petition for certiorari.  We vacate the judgment of the Court of Appeals.  And we remand the case for further proceedings consistent with this opinion.

*It is so ordered.*