**Norma Concepcion SANTOS LOPEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72734.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2005.*

Filed May 10, 2006.

Robert L. Lewis, Esq., Law Office of Robert L. Lewis, Oakland, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, San Francisco, CA, Margaret K. Taylor, Esq., Washington, DC, for Respondent.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

Norma Concepcion Santos Lopez petitions for review from the summary affirmance by the Board of Immigration Appeals (BIA) of the opinion of an immigration judge (IJ), denying her application for asylum and withholding of re-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

moval. We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition and remand to the BIA for further proceedings.

Because the BIA affirmed without an opinion, we review the IJ's decision directly, requiring only that it be supported by substantial evidence. *See Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1074 (9th Cir.2004). The IJ rejected Santos Lopez's claim that the events were based on her actual or imputed political opinion. Santos Lopez does not challenge this conclusion. Instead, on this petition for review she again asserts the claim in her application that she was persecuted based on her "membership in a particular social group," her family. The IJ did not address this claim, and so there has been no agency determination of related facts and whether the facts as determined fall within that protected ground. We therefore must remand for the agency to decide in the first instance whether Santos Lopez's family "presents the kind of 'kinship ties' that constitute a 'particular social group.'" *Gonzales v. Thomas,* — U.S. ——, 126 S.Ct. 1613, 1615, 164 L.Ed.2d 358 (2006) (per curiam); *see INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam) (court of appeals should not conduct de novo inquiry, but must remand to agency for additional investigation or explanation).

PETITION FOR REVIEW GRANTED; REMANDED FOR FURTHER PROCEEDINGS.