**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1147

YONGDUAN CHEN,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A97-624-169)

Submitted: July 21, 2006          Decided: August 16, 2006

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Benjamin B. Xue, LAW OFFICES OF BENJAMIN B. XUE, P.C., New York, New York, for Petitioner. Rod J. Rosenstein, United States Attorney, Tarra DeShields-Minnis, Assistant United States Attorney, Baltimore, Maryland, for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Yongduan Chen, a native and citizen of the People's Republic of China, petitions for review of a decision of the Board of Immigration Appeals (Board) affirming, without opinion, the immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture. Because the Board affirmed under its streamlined process, see 8 C.F.R. § 1003.1(e)(4) (2006), the immigration judge's decision is the final agency determination. See Camara v. Ashcroft, 378 F.3d 361, 366 (4th Cir. 2004).

Chen challenges the immigration judge's finding that his testimony was not credible, and that he otherwise failed to meet his burden of proof to qualify for asylum. Credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer specific, cogent reasons for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). "Examples of specific and cogent reasons include inconsistent statements, contradictory evidence, and inherently improbable testimony . . . ." Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006) (internal quotations and citations omitted). If the immigration judge's adverse credibility finding is based on speculation and conjecture rather than specific and cogent reasoning, it is not supported by substantial evidence. Id.

We have reviewed the evidence of record and the immigration judge's decision, and we find that the immigration judge's negative credibility determination is not supported by substantial evidence. The immigration judge primarily relied on a single misstatement by Chen as to the date of his wife's forced abortion, which Chen quickly corrected and otherwise consistently reported, to find Chen not a credible witness. Reference to this single, isolated misstep does not constitute specific and cogent reasons supporting the finding. As the immigration judge based his denial of all the requested relief on this credibility finding, we must grant the petition for review and remand the case to the Board for additional investigation or explanation. See INS v. Ventura, 537 U.S. 12, 16 (2002) (holding that generally, court of appeals should remand case to agency "for additional investigation or explanation"); Gonzales v. Thomas, 126 S. Ct. 1613, 1614 (2006) (reasserting Ventura "remand rule").

Accordingly, we grant the petition for review, vacate the decision of the Board, and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED