**Florine COSTELLO, Plaintiff–
Appellant,**

v.

**Michael J. ASTRUE, Commissioner
of Social Security, Defendant–
Appellee.**

No. 06–4083.

United States Court of Appeals,
Seventh Circuit.

Oct. 23, 2007.

Edward Kraus, Chicago-Kent College of
Law, Chicago, IL, Steven J. Plotkin, Ev-
anston, IL, for Plaintiff–Appellant.

Kristin N. Wuerffel, Social Security Ad-
ministration Office of the General Counsel,
Chicago, IL, for Defendant–Appellee.

Before Hon. FRANK H.
EASTERBROOK, Chief Judge, Hon.
DANIEL A. MANION, and Hon. DIANE
P. WOOD, Circuit Judges.

Order

After holding that the agency erred in
denying Florine Costello a "deemed" filing
date under 42 U.S.C. § 402(j)(5), we
wrapped up: "The record does not reveal
the current balance of accounts between
the agency and Costello, so on remand the
district court must determine (1) the date
on which Costello is deemed to have ap-
plied for benefits as Gilbert Costello's ex-
wife, and (2) the amount that the SSA now
owes Costello (or vice versa)." The agen-
cy now seeks rehearing, limited to the
question whether the remand should be to
itself rather than to the district court.

On this subject the agency is in
the right. Having corrected a legal error,
a court should remand to the agency for
correction. See, e.g., *Gonzales v. Thomas,*
547 U.S. 183, 126 S.Ct. 1613, 164 L.Ed.2d
358 (2006); *INS v. Ventura,* 537 U.S. 12,

123 S.Ct. 353, 154 L.Ed.2d 272 (2002). We therefore grant the petition for rehearing and modify our judgment so that, on remand from this court, the district court must remand the matter to the Social Security Administration with instructions to resolve the matters we have identified. That said, however, we hope that the parties may quickly settle these technical issues so that Costello is promptly restored to the financial position she should have enjoyed years ago. Any claim of unreasonable delay on the agency's part is reviewable under 5 U.S.C. § 706(1).