Manuel Salvador **MORA–MORENO**, Petitioner,

v.

Peter D. **KEISLER**,* Acting Attorney General, Respondent.

No. 05–77130.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 24, 2007.

Filed Oct. 30, 2007.

---

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Manuel F. Rios, III, Esq., Rios Cantor, PS., Seattle, WA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Immigration and Naturalization Service, Office of the District Counsel, Susan M. Harrison, ESQ., Office of the U.S. Attorney, Seattle, WA, for Respondent.

Before: B. FLETCHER, KLEINFELD, and GOULD, Circuit Judges.

## MEMORANDUM **

Petitioner Manuel Salvador Mora–Moreno ("Moreno"), a native and citizen of Venezuela, appeals the Board of Immigration's ("BIA") summary affirmance of the Immigration Judge's ("IJ") order denying Moreno's petition for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We affirm the BIA's decision with respect to past persecution, withholding of removal, and Moreno's CAT claim. We find, however, that the record compels the conclusion that Moreno has established a well-founded fear of future persecution if he were returned to Venezuela. We therefore reverse and remand to the BIA for a determination of whether Moreno's fear of future persecution is on account of any protected ground.

Moreno is the son of a well-known former Venezuelan government official, Manuel–Mora Izarra. Izarra was a high-ranking official of a political party that opposes the current regime of Venezuelan President Hugo Chavez. Moreno's mother was also an active member of that opposition party. While living in Venezuela, Moreno's parents both received anonymous threats that their children would be raped or killed because of the parents' involvement in politics and opposition to the Chavez administration. Moreno himself was seriously threatened on at least one occasion, when passers-by in his neighborhood pointed directly at him and said, "Chavez is going to kill you ... we're going to kill you." Moreno's brothers and uncle have also been involved in confrontations that appear to be connected to their anti-government beliefs or activities.

Factual findings underlying an IJ's order are reviewed for substantial evidence. *Gormley v. Ashcroft,* 364 F.3d 1172, 1176 (9th Cir.2004). We defer to those findings if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id. (quoting INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). We reverse an IJ's finding where we are compelled to conclude that the applicant was eligible for relief. *Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997).

A petitioner is eligible for a discretionary grant of asylum if he establishes a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(2). A well-founded fear of future persecution must be both subjectively genuine and objectively reasonable. *Reyes–Guerrero v. INS,* 192 F.3d 1241, 1244 (9th Cir.1999). The subjective prong of the well-founded fear test is satisfied by an applicant's credible testimony that he genuinely fears harm if returned to his home country. *Duarte de Guinac v. INS,* 179 F.3d 1156, 1159 (9th Cir.1999). The objective prong of the well-founded fear test is met " 'by adducing credible, direct, and specific evidence in

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

the record of facts that would support a reasonable fear of persecution'.... The objective requirement can be met ... 'either through the production of specific documentary evidence or by credible and persuasive testimony.'" *Ladha v. INS,* 215 F.3d 889, 897 (9th Cir.2000) (internal citations omitted). Even a "ten percent chance of persecution may establish a well-founded fear" of future persecution. *Al–Harbi v. INS,* 242 F.3d 882, 888 (9th Cir. 2001). We look to the "totality of the circumstances" to determine whether a finding of persecution is compelled in a given case. *Gu v. Gonzales,* 454 F.3d 1014, 1028 (9th Cir.2006).

When considering the record as a whole, we are compelled to conclude that Moreno has established a well-founded fear of future persecution.[1] The IJ here correctly noted that threats alone will rarely establish *past* persecution. *Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000). But, as was the case in *Lim,* it will sometimes be true that a record that does not support a finding of past persecution will nonetheless still carry an applicant's burden of proving a well-founded fear of future persecution. 224 F.3d at 936 ("Of course, credible evidence of political threats will still often trigger asylum eligibility by raising a well-founded fear of persecution in the future.").

Here, the evidence of persistent and serious threats to Moreno and his family members compel us to conclude that Moreno has an objective fear of future persecution if he were returned to Venezuela. If viewed in isolation from one another, it could perhaps be argued that the individual threats of violence to Moreno and his family might not establish a well-founded fear of future persecution. But we are not required to disaggregate threats and in the process disregard them. Rather, we must look to the record as a whole, and here that record evinces direct and specific evidence of a series of violent threats sufficient to establish a well-founded fear of future persecution. *Gu,* 454 F.3d at 1028; *Ladha,* 215 F.3d at 897; 8 C.F.R. § 1208.13(b)(2)(i)(B) ("reasonable possibility" of future persecution).

Because the IJ found that Moreno had not established a well-founded fear of future persecution, he did not reach whether that fear was on account of a protected status, *i.e.* Moreno's political opinion or membership in a particular social group. We therefore reverse and remand so that the BIA can remand to the IJ to make those findings in the first instance. *See Gonzales v. Thomas,* 547 U.S. 183, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006).

REVERSED and REMANDED.

---

1. The IJ found that Moreno testified credibly, and so there is no dispute that he has a subjective fear of future persecution. *Duarte de Guinac,* 179 F.3d at 1159.