**United States Court of Appeals**
**Fifth Circuit**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**F I L E D**

August 24, 2011

No. 10-60838
Summary Calendar

Lyle W. Cayce
Clerk

ZHOUFENG NING,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 137 088

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Zhoufeng Ning, a native and citizen of China, applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), based on his alleged persecution for his participation in a Christian house church in China. The Immigration Judge (IJ) made an adverse credibility finding, which was upheld by the Board of Immigration Appeals (BIA) when it dismissed Ning's administrative appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60838

Ning argues that the IJ's adverse credibility finding was not supported by substantial evidence in the record because the alleged inconsistencies between his statements in support of his asylum applications and his hearing testimony were actually additional details or minor inconsistencies that did not go to the heart of his claim.  He contends that in the absence of the adverse credibility finding, he showed his eligibility for relief for asylum, for withholding of removal, and under CAT.

This court may review the IJ's findings and conclusions if the BIA adopts them.  *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir.2002).  This court reviews an immigration court's findings of fact for substantial evidence.  *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  Among the findings of fact that this court reviews for substantial evidence is the conclusion that an alien is not eligible for asylum, withholding of removal, or relief under the CAT.  *Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005).

Because Ning's application was filed prior to the May 11, 2005 effective date of the REAL ID Act, its amended standards for assessing credibility did not apply to his application.  *Wang*, 569 F.3d at 537.  Under the pre-REAL ID Act standards, if the IJ's credibility determination is supported by the record and the IJ's reasons are supported by "specific cogent reasons," this court will affirm the decision, even if this court may have reached a different result.  *Mwembie v. Gonzales*, 443 F.3d 405, 410 (5th Cir. 2006).

Some of the inconsistencies between the testimony and the applications cited by the IJ were not relevant or could have been the result of a translation problem or Ning's providing more detailed information at the hearing.  However, the record supports the IJ's findings that there were other major inconsistencies that rendered questionable the validity and credibility of Ning's claims of persecution following his arrest in China.  Ning has failed to provide a convincing explanation for these inconsistencies.  Ning's claims were also undermined by his father's lack of knowledge of his practice of Christianity in

China and his failure to obtain a statement of his wife or anyone else confirming his practice of his faith in that country.

Ning's asylum, withholding, and CAT claims were all based on alleged persecution for his practice of Christianity in a house church in China. Because the credibility determination of the IJ and the BIA is based on a "reasonable interpretation of the record and therefore supported by substantial evidence," the determination must be upheld by the court. *Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994). In light of the BIA's denial of the petition based on the adverse credibility finding, the court will not consider the IJ's denial of relief based on the merits or as a matter of discretion. *See Gonzales v. Thomas,* 547 U.S. 183, 186-87 (2006) Accordingly, Ning's petition for review is DENIED.