IKUTA, Circuit Judge,
dissenting in part:
Not long ago, the Supreme Court summarily reversed one of our immigration decisions and reminded us of a basic principle of administrative law: when the BIA has not considered an issue, “the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.” I.N.S. v. Ventura, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam) (quoting Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985)) (internal quotation marks omitted). Just a few years later, the Court summarily reversed us again, pointing out that our faüure to remand a similar immigration issue to the BIA is an “error [that] is obvious in light of Ventura.” Gonzales v. Thomas, 547 U.S. 183, 185, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006) (per curiam) (quotation marks omitted). Reading these cases together, the Supreme Court’s message to the Ninth Circuit is clear: “What about the ordinary remand rule don’t you understand?”
But here we go again. The facts and procedural posture of this case are effectively identical to Ventura.[1] Here, as in Ventura, the IJ and BIA determined that the petitioner had not demonstrated past persecution. As a result, the BIA never considered whether the government could show “a fundamental change in circumstances” in Indonesia such that petitioner no longer has a well-founded fear of persecution, 8 C.F.R. § 208.13(b)(l)(i)(A), or that the petitioner “could avoid future persecution by relocating” within the country, id. § 208.13(b)(l)(i)(B). Therefore, just as in Ventura, we must remand in order for the BIA to determine the “changed circumstances” question in the first instance. 537 U.S. at 16-18,123 S.Ct. 353. We must also give the BIA a chance to determine the relocation question.
Instead, turning its back on clear Supreme Court direction, the majority makes its own determination that nothing in the record amounts to changed country circumstances. Not only does the majority usurp the agency’s decisionmaking author *598 ity, but also deprives the agency of its authority to take in new evidence. See id. at 18, 123 S.Ct. 353 (holding that remand is appropriate because it “could lead to the presentation of further evidence of current circumstances” in the country at issue). The majority’s approach cannot be squared with Ventura.
The reasons for remanding to the BIA are the same here as they were in Ventu-ra. As the Supreme Court explained, “[t]he agency can bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and, in doing so, it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides.” Id. at 17, 123 S.Ct. 353. There is evidence in the record here on country conditions that should be evaluated by the BIA, including U.S. State Department country reports spanning several years, from 2000 to 2004, as well as evidence that the petitioner’s mother was living and working in Indonesia at the time of the immigration proceedings, suggesting a significant change from the living and working conditions described by the petitioner. Moreover, given that nine to eleven years have passed since the U.S. Department of State country reports and other evidence, submitted to the IJ and BIA, were written, it would be entirely appropriate for the government to submit new evidence. See id. at 18,123 S.Ct. 353.
The majority seems to think there is a legal principle eliminating the ordinary remand rule once the government has had “one bite at the apple.” We have already explained there is no such rule. See Lopez v. Ashcroft, 366 F.3d 799, 806 (9th Cir. 2004). Nor can the majority claim it is bound by Baballah v. Ashcroft, 367 F.3d 1067 (9th Cir.2004); unlike that case, the government here has not represented that “all relevant issues of fact and law were fully presented to the immigration court during the course of the hearing.” Id. at 1078 n. 11. Rather, this case is squarely governed by Ventura’s holding that appellate courts must not “intrude upon the domain which Congress has exclusively entrusted to an administrative agency.” 537 U.S. at 16, 123 S.Ct. 353 (internal quotation marks and citation omitted).
Because I would follow the clear direction of the Supreme Court, I respectfully dissent.

. Because Ventura’s application of “well-established principles of administrative law,” 537 U.S. at 16, 123 S.Ct. 353, is directly on point here, the majority is left with the thankless task of trying to distinguish Ventura on a factual ground that played no role in the Supreme Court's analysis. See maj. op. at 595 n. 3.