11-797-ag
Weng-Lin v. Holder

BIA
Chew, IJ
A098 350 935

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of May, two thousand twelve.

PRESENT:
        JON O. NEWMAN,
        ROBERT A. KATZMANN,
        SUSAN L. CARNEY,
            *Circuit Judges.*
_____

QIHUI WENG-LIN,
        *Petitioner,*

        v.                                      11-797-ag
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Dehai Zhang, Flushing,
                       New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Linda S. Wernery, Assistant
                       Director; Theodore C. Hirt,
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is GRANTED.

Petitioner Qihui Weng-Lin, a native and citizen of the People's Republic of China, seeks review of a February 11, 2011 order of the BIA, reversing the December 11, 2008 decision of an immigration judge ("IJ"), which granted his application for asylum. *In re Qihui Weng-Lin*, No. A098 350 935 (B.I.A. Feb. 11, 2011), *rev'g* No. A098 350 935 (Immig. Ct. N.Y. City Dec. 11, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case, which we reference only as necessary to explain our decision.

Where the BIA does not adopt the IJ's decision in any part, we review only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The BIA failed to sufficiently articulate its reasoning for concluding that Weng-Lin failed to establish membership in a "particular social group" as required under the

2

Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158(b)(1)(B)(i). *See Beskovic v. Gonzales*, 467 F.3d 223, 227 (2d Cir. 2006) (requiring a certain minimal level of analysis from agency decisions denying asylum to enable meaningful judicial review); *Ucelo-Gomez v. Gonzales*, 464 F.3d 163, 170 (2d Cir. 2006) (requiring the agency to make a particular social group finding with "sufficient clarity"). In *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72-73 (2d Cir. 2007), we upheld the BIA's three-part framework for assessing the validity of a particular social group under the INA. However, the BIA failed to evaluate Weng-Lin's social group under this three-part framework or offer more than a cursory analysis of his claim. As a result, we remand to the BIA so that it may provide a meaningful analysis of Weng-Lin's social group claim. *See Gonzales v. Thomas*, 547 U.S. 183, 186-87 (2006) (per curiam); *Ucelo-Gomez*, 464 F.3d at 170.

Similarly, the BIA failed to address the IJ's finding that Weng-Lin established a well-founded fear of persecution based on his political opinion, and failed to sufficiently state its justification for finding that Weng-Lin failed to show that he feared persecution on account of an imputed

3

political opinion.  *See Beskovic*, 467 F.3d at 227; *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 547 (2d Cir. 2005).  We have held that "determining whether a given individual's attempt to oppose or alter a government's economic practices manifests a political opinion requires examination of the 'political context' in which the dispute took place in order to determine whether the dispute bears a 'political dimension.'" *Yueqing Zhang*, 426 F.3d at 547.  In reversing the IJ's grant of asylum, however, the BIA noted only that "[Weng-Lin] has not established that he retaliated against government corruption."  Certified Administrative Record ("C.A.R.") 4.  Because the BIA's finding is devoid of any reasoning, we remand to the BIA so that it can provide a meaningful analysis of Weng-Lin's political and imputed political opinion claims, as this Court is unable to determine whether substantial evidence supports BIA's determination.  *See Beskovic*, 467 F.3d at 227; *Tian-Yong Chen v. INS*, 359 F.3d 121, 127-28 (2d Cir. 2004).

In addition, the BIA erred by failing to apply clear error review to the IJ's factual findings concerning the adequacy of the consideration promised in exchange for Weng-Lin's family's land.  *See De La Rosa v. Holder*, 598 F.3d

4

103, 107-08 (2d Cir. 2010); 8 C.F.R. § 1003.1(d)(3)(i). The BIA may "not engage in de novo review of findings of fact determined by an immigration judge. Facts determined by the immigration judge, including findings as to the credibility of testimony, [are] reviewed [by the BIA] only to determine whether the findings of the immigration judge are clearly erroneous." 8 C.F.R. § 1003.1(d)(3)(i). Although the IJ found Weng-Lin's testimony – that the Chinese government promised to pay his family only one-tenth of land's fair value – credible, the BIA nevertheless determined, without identifying any error in the IJ's analysis, that Weng-Lin's "claim that local official offered his family less money than their land was worth [was] not substantiated in the record." C.A.R. 4. Accordingly, we remand to the BIA to review the IJ's factual findings under the deferential clear error standard of review. *See Fen Yong Chen v. Bureau of Citizenship and Immigration Servs.*, 470 F.3d 509, 515 (2d Cir. 2006).

Because the BIA also erred in placing the burden of proof on Weng-Lin to demonstrate that he could not relocate within China to avoid persecution, the BIA's relocation finding cannot support the denial of asylum. Where, as here, the alleged persecution is government-sponsored,

5

Weng-Lin "enjoys a regulatory presumption that 'internal relocation would not be reasonable.'" *Kone v. Holder*, 596 F.3d 141, 150 n.8 (2d Cir. 2010); 8 C.F.R. § 1208.13(b)(3)(ii). The BIA thus erroneously concluded that Weng-Lin could reasonably relocate to Fuzhou because he "[was] unable to show that his risk of persecution is countrywide." C.A.R. 4. While the BIA did note that Weng-Lin managed to live in Fuzhou without harm for two years, "the government cannot satisfy its burden to demonstrate that [Weng-Lin] will not be threatened simply by showing that [he] enjoyed periods with no new persecution or that [he] will not perpetually be persecuted in [his] native country." *Kone*, 596 F.3d at 150. Accordingly, we remand to the BIA to properly apply the regulatory presumption that internal relocation would not be reasonable in evaluating Weng-Lin's petition. On remand, we encourage to the BIA to articulate its justification for any relocation finding with reference to the factors listed in 8 C.F.R. § 1208.13(b)(3).

Finally, with respect to Weng-Lin's claim for relief under the Convention Against Torture ("CAT"), the BIA improperly determined that Weng-Lin "[had] not established the existence of any past torture, or fear of future torture. Nor is there any indication of government

6

acquiescence or involvement." C.A.R. 4. The IJ found Weng-Lin's testimony that he was arrested and beaten by Chinese police credible. The BIA's determination that "there is no indication of government acquiescence or involvement," id., without identifying any error in the IJ's analysis, constitutes an impermissible alternative factual finding. *See De La Rosa*, 598 F.3d at 107-08; 8 C.F.R. § 1003.1(d)(3)(i). Accordingly, on remand, the BIA should review the IJ's factual findings under the deferential clear error standard of review. *See Fen Yong Chen*, 470 F.3d at 515.

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED to the BIA for further proceedings consistent with this order. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7