**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JULIO CESAR ESCOBAR-HERNANDEZ,<br><br>  Petitioner,<br><br> v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>  Respondent. | No. 07-75136<br><br>Agency No. A079-216-353<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2012[**]
Pasadena, California

Before: KOZINSKI, Chief Judge, TROTT and THOMAS, Circuit Judges.

Substantial evidence supports the BIA's conclusion that petitioner failed to

establish past persecution or a well-founded fear of future persecution on account

of "membership in a particular social group." 8 U.S.C. § 1101(a)(42)(A). Kinship

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

ties may constitute membership in a particular social group for asylum purposes, *Thomas v. Gonzales*, 409 F.3d 1177, 1180 (9th Cir. 2005) (en banc), *rev'd on other grounds*, *Gonzales v. Thomas*, 547 U.S. 183, 186 (2006), as long as an asylum applicant can establish that the past or anticipated persecution was "on account of" such kinship ties, *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010). Substantial evidence supports the BIA's conclusion that the intruders who attacked petitioner did so not because he was related to his cousin, but because of his likely knowledge of his cousin's location. Petitioner did not present any evidence that the individuals attacked or intimidated any of his other family members. Thus, the BIA correctly concluded that he failed to demonstrate persecution on account of membership in a particular social group.

Absent past persecution, a petitioner must demonstrate a subjectively genuine and objectively reasonable well-founded fear of future persecution. *Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007). In particular, a petitioner must establish that it would not be reasonable for him to relocate. 8 C.F.R. § 1208.13(b)(3)(I). Substantial evidence supports the BIA's conclusion that Petitioner could relocate within El Salvador and that his fear of persecution upon returning to El Salvador is not objectively reasonable.

Because petitioner failed to establish eligibility for asylum, the BIA correctly concluded that he necessarily failed to meet the more stringent standard for withholding of removal. *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Given our conclusions, we need not–and do not–reach any other issue urged by the parties.

**PETITION DENIED.**