11-700-ag
*Diallo v. Holder*

BIA
A097 533 593

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of September, two thousand twelve.

PRESENT:

> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> ROBERT A. KATZMANN,
>
> *Circuit Judges.*

---

AMADOU OURY DIALLO,

*Petitioner-Appellant,*

v.                                                              No. 11-700-ag

ERIC H. HOLDER, JR., et al.

*Respondents-Appellees.*

---

**FOR PETITIONER-APPELLANT:**        C. Mario Russell, Elizabeth K. Fitzgerald, Law Intern, Catholic Charities, St. John's University School of Law, Immigrant and Refugee Rights Clinic, New York, NY.

**FOR RESPONDENTS-APPELLEES:**     Juria L. Jones, Trial Attorney; Luis E. Perez, Senior Litigation Counsel, Office of Immigration Litigation; and Tony West, Assistant Attorney General, Civil Division, Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review of the decision of the Bureau of Immigration Appeals ("BIA") is **GRANTED**, the BIA's decision is **VACATED**, and the cause is **REMANDED** for further proceedings consistent with this order.

Petitioner-appellant Amadou Oury Diallo, a native and citizen of Guinea, seeks review of the BIA's order dated January 21, 2011, affirming the Immigration Judge's order dated April 15, 2009, which denied asylum, withholding of removal, and relief under the Convention Against Torture. *See In re Amadou Oury Diallo*, No. A097 533 593 (B.I.A. Jan. 21, 2011), *aff'g* No. A097 533 593 (Immig. Ct. N.Y.C. Apr. 15, 2009). We assume the parties' familiarity with the facts and procedural history of this case.

Because the BIA did not adopt the Immigration Judge's reasoning, we review only the BIA decision and assume—as the BIA did—that Diallo's testimony was credible. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271–72 (2d Cir. 2005). We defer to the BIA's factual findings "unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B), and thus accept any factual findings supported by "reasonable, substantial and probative evidence in the record." *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (quotation marks omitted). We review legal questions *de novo*. *See id.*

An applicant seeking asylum under the Immigration and Nationality Act must be a "refugee," defined as someone who is "unable or unwilling to avail himself or herself of the protection of [his or her native] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Diallo argues that the Guinean government will target him on account of (1) his social group—namely, his nuclear family—and (2) imputed political views. We address these arguments in turn.

**A.**

Addressing the first issue of his membership in a "social group," Diallo asserts that he has been, and upon returning to Guinea would continue to be, persecuted on account of his father's political activities in opposition to the Guinean government. In particular, Diallo alleges that government officers put him in jail in an effort to force his father to come out of hiding, and that

2

the officers let him go on the condition that he would help them locate his father. Rather than following through on this promise, however, Diallo fled the country and came to the United States. The BIA did not address this basis for relief in its opinion, perhaps thinking that Diallo's allegations related only to alleged persecution on the basis of an imputed political opinion.

Diallo's asylum application and subsequent testimony and arguments allege a potentially viable theory of persecution on the basis of his familial social group. *See, e.g.*, *Vumi v. Gonzales*, 502 F.3d 150, 155 (2d Cir. 2007) ("membership in a nuclear family" may support a social-group claim); *Torres v. Mukasey*, 551 F.3d 616, 629 (7th Cir. 2008) ("Our prior opinions make it clear that we consider family to be a cognizable social group within the meaning of the immigration law."). For this type of claim, Diallo need only show that he was targeted because of his membership in his nuclear family.

Defending the BIA's silence regarding this aspect of Diallo's asylum application, the government argues that Diallo waived this potential basis for relief by not raising this argument during the administrative review process. Having evaluated the record ourselves, we disagree. Diallo checked the "political opinion" *and* "membership in a particular social group" boxes on his asylum application. He also explained on that application that he feared persecution "*as the eldest son of my father* and because I share the same opposition view with my father." C.A.R. at 230 (emphasis added). Since completing the application, Diallo has consistently argued that he suffered persecution because of the government's efforts to retaliate against and recapture his father. Therefore, Diallo has alleged a potentially viable claim of persecution based on his membership in the social group composed of his nuclear family, and we remand so that the BIA may consider this claim in the first instance. *See Gonzales v. Thomas*, 547 U.S. 183, 186 (2006) (per curiam). Of course, we intimate no view on the merits of any questions that the BIA may consider on remand.

**B.**

Diallo also argues that the BIA erred in concluding that "imputed political opinion . . . does not form at least one central reason why the respondent was or will be persecuted." C.A.R. at 4. "[A] petitioner may establish a well-founded fear of persecution on account of a political opinion imputed to him by his persecutors, whether or not he actually holds that opinion." *Gao v. Gonzales*, 424 F.3d 122, 129 (2d Cir. 2005) (quotation marks omitted). Although most of Diallo's allegations focused on the persecution he faced because of his relationship to his father, Diallo also stated that that a Guinean officer told him he "was being arrested because [he] encouraged people to come to [his] family compound to discuss how to oppose the government." C.A.R. at 221. This sufficiently alleged that he was imprisoned by reason of imputed political opinion. We therefore reject the BIA's assertion that Diallo failed to assert imputed political opinion as a central reason for his likely persecution. If the BIA decides to adhere to its rejection of the claim, it must furnish appropriate

3

reasons. *See Beskovic v. Gonzales*, 467 F.3d 223, 227 (2d Cir. 2006). On remand, the BIA should consider the possibility that the Guinean government officials who detained Diallo had multiple motivations for their actions. *See Vumi*, 502 F.3d at 159 ("[T]he [agency] conducted no . . . mixed-motive analysis . . . [and so] we must remand Vumi's claim of imputed political opinion to the BIA so that it can properly examine that allegation in light of the agency's own established standards for mixed motive claims."). Therefore, we remand so that the BIA may consider these issues in the first instance, *Gonzales*, 547 U.S. at 186, and explain its conclusions. Again, we intimate no view on the merits of any questions that the BIA may consider on remand.

## CONCLUSION

For the foregoing reasons, the petition for review is **GRANTED**, the BIA's decision is **VACATED**, and the cause is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4