**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMANUEL MESERET KELETA,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 19-71354<br><br>Agency No. A216-182-646<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 20, 2020**

Before:    SCHROEDER, CANBY, and TROTT, Circuit Judges.

Amanuel Meseret Keleta, a native and citizen of Ethiopia, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture.

We have jurisdiction under 8 U.S.C. § 1252, and we deny his petition.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review for substantial evidence the agency's factual findings, using the standards governing adverse credibility determinations created by the REAL ID Act.[1] *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).

The BIA affirmed the IJ's factual findings and determination that Keleta was not credible. The IJ grounded his determination on (1) material inconsistencies between Keleta's testimony in court and his sworn interviews with a border patrol officer ("CBP") and an asylum officer, (2) the IJ's observations of Keleta's demeanor and unresponsiveness to questions, and (3) a lack of corroboration for his story. Substantial evidence supports the agency's determination.

### Keleta's Political Affiliation

Keleta told the asylum officer conducting his credible fear interview that the reason behind his persecution was because "I was representative of Oromo Congress," and "I am a member of the Oromo Congress." He explained that the Oromo Congress is a "branch of OPDO [Oromo People Democratic Organization] for Oromo people," and that he was a "representative of Oromo people at the

---

[1] We do not consider the materials Keleta referenced in and submitted with his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc). We deny Keleta's renewed motion for appointment of counsel (Docket Entry 25).

Oromo Congress."

However, during his testimony he denied he was a member of the Oromo Congress, claiming instead that his problems stemmed from his membership in the "Blue Party," a party in opposition to the government. When the government confronted him with this discrepancy regarding his political affiliation, his explanation was, "No, I didn't say that."

**Demeanor**

The IJ also reported – with examples – that Keleta was "repeatedly unresponsive to direct questions by his counsel and the Department, each of whom were forced to repeat questions multiple times. Even when his counsel and the Department rephrased their questions, Respondent's answers often did not respond to the questions asked." "Notwithstanding the issues of inconsistencies, omissions and responsiveness," however, the IJ looked for corroboration in the documents submitted by Keleta in support of his case. The IJ found nothing that would help him.

**The IJ's Conclusion**

The IJ summed up as follows:

> After reviewing the record in its entirety, the Court finds that Respondent failed to rehabilitate his credibility with corroborating evidence and meet his burden to demonstrate eligibility for relief. . . . Accordingly, based on the totality of the circumstances, the Court finds that Respondent was not a credible witness, and his testimony

19-71354

is therefore insufficient to carry his burden of proof under the standards set forth in the REAL ID Act. (Citation omitted).

## Our Review

A petitioner who challenges an adverse credibility determination with respect to his testimony "bears a heavy burden" of proving that he presented "evidence 'so compelling that no reasonable factfinder could find' that he was not credible." *Farah v. Ashcroft*, 348 F.3d 1153, 1154, 1156 (9th Cir. 2003). Although an IJ must consider a petitioner's explanations for discrepancies in his various statements to the authorities, he is not required "to accept such testimony as true." *Aden v. Holder*, 589 F.3d 1040, 1044 (9th Cir. 2009). As we explained in *Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007), the lack of consistency in an applicant's story may deprive his claim of the requisite "ring of truth."

Moreover, "[t]he need for deference is particularly strong in the context of demeanor assessments." *Ling Huang v. Holder,* 744 F.3d 1149, 1153 (9th Cir. 2014). "[I]t would be extraordinary for a reviewing court to substitute its second-hand impression of the petitioner's demeanor, candor, or responsiveness for that of the IJ." *Id.*

In his petition, Keleta asks us to reconsider, to reevaluate, and to credit his evidence and his explanations for the inconsistencies in his story. This request is misdirected. We are a court "of review, not of first view." *Gonzales v. Thomas*,

19-71354

547 U.S. 183, 185 (2006) (per curiam). The tasks he asks us to undertake belong to the IJ, not to an appellate court.

After an exacting review of the record, we conclude that the IJ supported his adverse credibility determination with substantial evidence stemming from (1) Keleta's failure to articulate a consistent and cogent reason for his detention and alleged mistreatment, and (2) his demeanor. The IJ's findings of fact on this issue are not clearly erroneous. His written decision is thorough, well documented, and supported by persuasive reasoning. Accordingly, we deny Keleta's petition for asylum.

## Convention Against Torture

For the same reasons, in conjunction with country reports concerning conditions in Ethiopia, we also deny Keleta's application for protection under the Convention Against Torture. He has not established a clear probability of torture under the new regime in his country. *Shrestha*, 590 F.3d at 1048-49.

**PETITION FOR REVIEW DENIED.**