Markaj v. Holder

BIA
Lamb, IJ
A088 996 416

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of October, two thousand thirteen.

PRESENT:
        ROBERT D. SACK,
        GERARD E. LYNCH,
        SUSAN L. CARNEY,
            *Circuit Judges.*

_____

XHOANA MARKAJ,
        *Petitioner,*

        v.                                    12-348
                                             NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:      Sokol Braha, New York, New York.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant
                     Attorney General; Cindy S. Ferrier,
                     Assistant Director; Michele Y. F.
                     Sarko, Attorney, Office of
                     Immigration Litigation, United
                     States Department of Justice,
                     Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Xhoana Markaj, a native and citizen of Albania, seeks review of a December 30, 2011 decision of the BIA reversing the May 10, 2010 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal and relief under the Convention Against Torture ("CAT"), and ordering Markaj removed. *In re Xhoana Markaj*, No. A088 996 416 (B.I.A. Dec. 30, 2011), *rev'g* No. A088 996 416 (Immig. Ct. N.Y. City May 10, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the BIA reversed the IJ's grant of asylum but relied on the IJ's findings of fact, we have reviewed the decision of the IJ as modified and supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Markaj does not challenge the BIA's denial of withholding of removal and CAT relief, we address only asylum.

We conclude that the BIA did not err in finding that Markaj did not establish a nexus to a protected ground as a member of either the group of "young women in Albania" or that of "individuals who fear persecution on account of the enumerated ground of their fear of being transported for trafficking."  We remand, however, for the BIA to consider further her more narrowly defined social group: that of "young female members of families without a male figure in Albania."

Markaj's first proposed group, defined as "young women in Albania," is insufficiently particular.  *See Rreshpja v. Gonzales*, 420 F.3d 551, 555 (6th Cir. 2005) (finding the proposed social group of "young (or those who appear to be young), attractive Albanian women" is not cognizable because it is a "generalized, sweeping" classification); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 74 (2d Cir. 2007) (upholding the BIA's interpretation that defining a social group based on class status is insufficiently particular); *Gomez v. INS*, 947 F.2d 660, 664 (2d Cir. 1991) (deeming the characteristics of youth and gender overly broad).

Markaj's second proffered social group, "individuals who fear persecution on account of the enumerated ground of their fear of being transported for trafficking," also fails. A persecuted social group may not be defined circularly, by the persecution that its members suffer or fear. Members of the group are not targeted *because* they fear persecution; they must be persecuted for some other reason to provide a basis for an asylum claim. *See Ucelo-Gomez*, 509 F.3d at 73 (stating that a social group may not be defined exclusively by the fact that its members have been subjected to harm); *see also Rreshpja*, 420 F.3d at 556.

Markaj proffers a third possible social group, however: "young female members of families without a male figure in Albania." Markaj sufficiently exhausted this argument by identifying this social group in her brief to the BIA. Because the BIA failed to consider this definition, we remand to the BIA to determine in the first instance if the group is cognizable. *See Gonzales v. Thomas*, 547 U.S. 183, 186 (2006).

For the foregoing reasons, the petition for review is GRANTED. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

4

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk