**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NAVTEJ SINGH, | No. 09-72830 |
| Petitioner, | Agency No. A098-822-026 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 6, 2013
San Francisco, California

Before: REINHARDT, NOONAN, and WATFORD, Circuit Judges.

Navtej Singh, a native and citizen of India, petitions for review of a Board of

Immigration Appeals' (BIA) decision affirming an immigration judge's (IJ) denial

of his applications for asylum and withholding of removal. We have jurisdiction

under 8 U.S.C. § 1252(a)(1). We grant the petition and remand for further

proceedings.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The IJ and BIA found that Singh testified credibly but relied on *Dinu v. Ashcroft*, 372 F.3d 1041 (9th Cir. 2004) to find that Singh had not demonstrated that the persecution he suffered was on account of an imputed political opinion or his membership in a particular social group. The factual findings underlying the agency's denial of relief are reviewed under the substantial evidence standard. *Kumar v. Gonzales*, 444 F.3d 1043, 1049 (9th Cir. 2006). We review de novo "purely legal questions" and "mixed questions of law and fact requiring us to exercise judgment about legal principles." *United States v. Ramos*, 623 F.3d 672, 679 (9th Cir. 2010).

We find Singh's case distinguishable from *Dinu*. Unlike the petitioner in *Dinu*, Singh was not suspected of any crime. Yet he was tortured for ten days and given no reason for his arrest except that he was Gill's relative. Even if the Indian authorities might have had other motives for targeting Singh, their actions may amount to persecution if they were motivated, at least in part, by a protected ground. *Hoque v. Ashcroft*, 367 F.3d 1190, 1198 (9th Cir. 2004). In contrast to *Dinu*, where the petitioner presented "no direct evidence" that he was persecuted on account of a protected ground, *Dinu*, 372 F.3d at 1044, here the IJ failed to consider whether Singh had presented evidence that he may have been persecuted, at least in part, because of his familial ties to Gill. *See Borjas v. INS*, 175 F.3d 732,

735-36 (9th Cir. 1999) (en banc), *superseded by statute*, Real ID Act of 2005, Pub. L. No. 109-13, div. B, 119 Stat. 231, *as recognized in Parussimova v. Mukasey*, 555 F.3d 734, 739-40 (9th Cir. 2009); *see also Mihalev v. Ashcroft*, 388 F.3d 722, 727 (9th Cir. 2004) (citing *Navas v. INS*, 217 F.3d 646, 656 (9th Cir. 2000)).

Finally, the IJ did not determine whether Gill's family presents the kind of "kinship ties" that constitute a "particular social group." *Gonzales v. Thomas*, 547 U.S. 183, 186 (2006). Without prior resolution by the BIA, the proper course "is to remand to the agency for additional investigation or explanation." *INS v. Ventura*, 537 U.S. 12, 16 (2002) (internal quotation marks omitted). We remand to the BIA with instructions to consider whether Gill's family constituted a particular social group within the statutory meaning and, if so, to remand to the IJ, to reconsider the denial of asylum and withholding of removal.

**PETITION FOR REVIEW GRANTED. REMANDED.**

*Singh v. Holder*, No. 09-72830

WATFORD, Circuit Judge, dissenting:

Both the IJ and the BIA considered and rejected Singh's claim that he was persecuted at least in part because of his familial ties to Gill.  Singh points to no direct evidence in the record that compels a contrary conclusion.  *See Dinu v. Ashcroft*, 372 F.3d 1041, 1044 (9th Cir. 2004).  The record instead supports the BIA's conclusion that Singh suffered persecution during the course of a criminal investigation, which, while reprehensible, does not afford a basis for relief.  *See id.* at 1045.  The majority says "Singh was not suspected of any crime," Maj. Op. at 2, but the record shows that police officers suspected Singh of assisting in a high-profile prison escape.  Singh's most egregious mistreatment occurred during the investigation of that escape, and he testified that officers repeatedly questioned him about it.  I would deny the petition.