*Lopez-Perez v. Garland*

BIA
Straus, IJ
A206 640 465/466

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of July, two thousand twenty-two.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> JOHN M. WALKER, JR.,
> BETH ROBINSON,
> > *Circuit Judges.*

_____

ROXANA AUDELIA LOPEZ-PEREZ,
DILAN SANTOS-LOPEZ,
> *Petitioners,*

v.                                          20-212
                                            NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:                Glenn L. Formica, Formica, P.C.,
                                New Haven, CT.

**FOR RESPONDENT:**        Jeffrey Bossert Clark, Acting Assistant Attorney General; Shelley R. Goad, Assistant Director; Julia J. Tyler, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioners Roxana Audelia Lopez-Perez and her minor son, Dilan Santos-Lopez, natives and citizens of Guatemala, seek review of a December 20, 2019 decision of the BIA affirming a March 1, 2018 decision of an Immigration Judge ("IJ") denying their claims for asylum and withholding of removal.[1] *In re Roxana Audelia Lopez-Perez, Dilan Santos-Lopez*, Nos. A 206 640 465/466 (B.I.A. Dec. 20, 2019), *aff'g* Nos. A 206 640 465/466 (Immigr. Ct. Hartford Mar. 1, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

---

[1] We do not address Petitioners' claims for relief under the Convention Against Torture because they do not challenge the denial of those claims here.

2

We have reviewed only the BIA's decision because the BIA provided its own analysis, did not explicitly affirm or adopt the IJ's findings, and declined to reach some bases for the IJ's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010) (reviewing factual findings for substantial evidence and questions of law and application of law to fact de novo).

## I.  Lopez-Perez's Asylum and Withholding Claims

To establish eligibility for asylum or withholding of removal, Lopez-Perez was required to show that she had suffered past persecution, or had a well-founded fear of future persecution, on account of a protected ground. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i), 1231(b)(3). The BIA made two dispositive findings regarding Lopez-Perez's claims, concluding that she did not establish past persecution, and that her proposed social groups were not cognizable. It did not reach the issues of nexus or likelihood of future persecution, so those issues are not before us. *See Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 122 (2d Cir. 2007), *as amended* (Jan. 17, 2007)

(explaining that "when the BIA issues an opinion . . . and that opinion constitutes the final agency determination, we may consider only those issues that formed the basis for that decision").

Lopez-Perez has waived any challenge to the BIA's conclusion that she did not establish past persecution by failing to contest that finding in her opening brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). However, her future persecution claims are properly before us because she challenges the BIA's conclusion that her proposed social groups were not cognizable, which was the BIA's only basis for denying her future persecution claims.

Lopez-Perez asserted that she would face future persecution on account of her membership in the following particular social groups: Guatemalan female heads of household, indigenous Guatemalan women, and indigenous Guatemalan female heads of household. The BIA's analysis of these proposed particular social groups relied heavily on the former Attorney General's 2018 decision in *Matter of A-B-*, which has since been vacated. *See Matter of A-B-*, 28 I. & N. Dec. 307 (A.G. 2021), *vacating Matter of A-B-*, 27 I. & N.

4

Dec. 316 (A.G. 2018). For example, the BIA cited *Matter of A-B-* in concluding that Lopez-Perez failed to prove that her groups were socially distinct, and added that Lopez-Perez's "case ha[d] similarities to *Matter of A-B-*, . . . and she ha[d] not addressed or rebutted this case." *In re Roxana Audelia Lopez-Perez, Dilan Santos-Lopez*, Nos. A 206 640 465/466 (B.I.A. Dec. 20, 2019). We remand for further consideration because it is not clear that the BIA would reach the same conclusions under current precedent, especially taking into consideration how Lopez-Perez's proposed groups were narrowed by her indigenous ethnicity. Because our review is limited to the BIA's decision, we take no position on whether the claim fails on the other grounds identified by the IJ.

## II. Santos-Lopez's Independent Claims

We "require a certain minimum level of analysis from the IJ and BIA opinions denying asylum, and indeed must require such if judicial review is to be meaningful." *Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005). "Inadequate analysis or failure to consider important evidence . . . are not excused by the fact that a hypothetical adjudicator, applying the law correctly, might also have denied the

5

petition for asylum." *Id.* (internal quotation marks omitted). The "law entrusts the agency to make the basic asylum eligibility decision," so, where the agency has not conducted its own inquiry into the matter being reviewed, we must "remand to the agency for additional investigation or explanation." *Gonzales v. Thomas*, 547 U.S. 183, 186 (2006) (per curiam) (internal quotation marks omitted).

Santos-Lopez asserted asylum and withholding claims separate from his mother's, arguing that he was at risk of persecution on account of his developmental disability. His brief to the BIA addressed this issue, arguing that the IJ erred in concluding that he did not establish a well-founded fear of persecution on account of his disability. However, the BIA did not address this claim. It summarized the IJ's reason for denying the claim in a footnote without adopting or affirming that conclusion or providing any analysis. Accordingly, we remand for the BIA to consider Santos-Lopez's claim in the first instance. *See id.*

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED. All pending motions and applications are DENIED and stays VACATED.

                    FOR THE COURT:
                    Catherine O'Hagan Wolfe,
                    Clerk of Court